UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| EDWARD G. CRADER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:09CV112 SNLJ |
| | ) | |
| WAL-MART STORES, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

This matter is before the Court on defendant's motion to dismiss, or in the alternative, motion for more definite statement (#9), filed October 9, 2009. Defendant seeks dismissal of all counts for failure to state a claim upon which relief can be granted. Responsive pleadings have been filed, and this matter is ripe for disposition.

**I. Statement of the Case**

Plaintiff was an employee with Wal-Mart from November 21, 2006 until he was terminated on December 13, 2008. In his complaint, which is nothing more than a copy of an email that plaintiff sent to the Equal Employment Opportunity Commission (EEOC), plaintiff alleges that during 2007 and 2008 he engaged in flirtatious banter with a married co-worker that eventually resulted in the co-worker complaining to the management in September 2008 about sexual harassment. On September 25, 2008, in response to the co-worker's complaint, plaintiff told his superiors that the flirting was reciprocal, but he was told simply to "leave it alone." On October 6, 2008, plaintiff was given a job performance rating of "meets expectations," which plaintiff alleges was much lower than what he deserved. Then on November 7, 2008, plaintiff went to the office of the head manager and requested that his female co-worker be fired and

threatened to contact the EEOC. The next day, however, plaintiff was fired. Thereafter, plaintiff filed his complaint, *pro se*, against Wal-Mart in two counts: gender discrimination and retaliation.

**II.  Legal Standard of Motion to Dismiss**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001) *quoting* Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A complaint must be dismissed for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007) (abrogating the prior "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id.; 127 U.S. at 1974. A complaint must set forth factual allegations that are enough to "raise a right to relief above the speculative level." Id.; 127 U.S. at 1974.

In ruling on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232 (1974); Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir. 2003). Although a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1265 (internal citations omitted). "Although the pleading standard is liberal, the plaintiff must allege

facts--not mere conclusions--that, if true, would support the existence of the claimed torts." Moses.com Securities, Inc. v. Comprehensive Software Systems, Inc., 406 F.3d 1052, 1062 (8th Cir. 2005) *citing* Schaller Tel. Co. v. Golden Sky Systems, 298 F.3d 736, 740 (8th Cir. 2002). In viewing the complaint in the light most favorable to the plaintiff, the court should not dismiss it merely because the court doubts that the plaintiff will be able to prove all of the necessary allegations. Bennett v. Berg, 685 F.2d 1053, 1058 (8th Cir. 1982). The primary issue for a court to consider is not whether the plaintiff will ultimately prevail in the lawsuit, but whether the complaint adequately states a claim so that the plaintiff is entitled to present evidence in support of that claim. A complaint may not be dismissed based upon a district court's assessment that the plaintiff will fail to prove one or more claims to the satisfaction of the complaint's allegations or will ultimately fail to prove one or more claims to the satisfaction of the factfinder. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1969, n. 8; Neitzke v. Williams, 490 U.S. at 327 ("What Rule 12(b)(6) does not countenance are dismissals based upon a judge's disbelief of a complaint's factual allegations.") With this plausibility standard in mind, the Court turns to an examination of the plaintiff's complaint.

**III. Discussion**

Defendant argues that plaintiff's petition fails to meet even minimal pleading requirements, is nearly indecipherable, and wholly inadequate. This Court agrees. Plaintiff's complaint is nothing more than an e-mail written to the EEOC, and even construed liberally, plaintiff has not pled facts that would entitle him to relief for either gender discrimination or retaliation.

To adequately plead a gender discrimination claim, an employee must be able to produce "direct evidence of discrimination, that is, evidence showing a specific link between the alleged

discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse employment action." *Turner v. Gonzales*, 421 F.3d 688, 694 (8th Cir. 2005). Direct evidence "may include 'evidence of actions or remarks of the employer that reflect a discriminatory attitude,' 'comments which demonstrate a discriminatory animus in the decisional process,' or comments 'uttered by individuals closely involved in employment decisions.'" The evidence plaintiff points to—that the "bosses [were not] taking him seriously," or that they took sides with the female co-worker—is not enough to establish a discriminatory attitude or discriminatory animus. More importantly, plaintiff admitted in his complaint that he pinched his co-worker in inappropriate places, and continued even after she told him to stop. This conduct, he claims, was in response to her sexually overt and inappropriate gestures. Had he reported the actions of his co-worker soon after she began making the inappropriate gestures and comments to him, he may have had a legitimate claim of sexual harassment. Instead, plaintiff actively participated in the amorous coquetry, which escalated into unwanted advances, and ultimately precluded any plausible claim of gender discrimination.

Plaintiff's claim of retaliation fares no better. A claim of retaliatory discrimination requires the plaintiff to allege that 1) he engaged in protected conduct; 2) a reasonable employee would have found his employer's retaliatory action materially adverse; and 3) the materially adverse action was causally linked to his protected conduct. *Devin v. Schwan's Home Service, Inc.*, 491 F.3d 778, 785 (8th Cir. 2007). Although plaintiff alleges outside of his complaint that he was terminated a day after "going to a neutral place and reporting these acts . . . to a high level of management," he has not adequately pled a claim of retaliation. While being fired is a materially adverse action, his actions were clearly not protected conduct. On the contrary, the

inappropriate behavior to which he admitted throughout his complaint would constitute legitimate, non-discriminatory reasons for his termination. His allegations are wholly insufficient to state a claim upon which relief can be granted.

Although complaints of this sort should usually be dismissed without prejudice so to allow plaintiff another attempt to refile and state a cause of action, plaintiff here stated in his response that "[d]efendant has all the information I can provide, and more." Considering that his complaint has reached the upper limits of his possible allegations, plaintiff's cause of action must necessarily be dismissed with prejudice.

Dated this ___23rd___ day of March, 2010.

                                               _____
                                               UNITED STATES DISTRICT JUDGE