UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| EDWARD G. CRADER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:09CV112 SNLJ |
| | ) | |
| WAL-MART STORES, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to vacate the dismissal (#15), filed March 26, 2010. Plaintiff seeks to vacate the order of this Court (#14) dismissing plaintiff's cause of action on March 23, 2010. Defendant did not respond to plaintiff's motion.

In his motion, plaintiff argues that: (1) this Court failed to consider that his complaint may have contained sufficient facts to support a claim for sexual harassment; (2) plaintiff failed to receive a copy of defendant's reply brief, and that he should have been entitled to time to make a response; (3) that the memorandum issued by the court contains inaccurate facts on both the grounds and date of his termination; and (4) that he was entitled to a hearing pursuant to Federal Rule of Civil Procedure 12(i).

Regarding plaintiff's assertion that he has stated a claim for sexual harassment, plaintiff has not stated a cause of action for gender discrimination, which encompasses a claim for sexual harassment. This Court has fully considered plaintiff's complaint and he has not stated a claim upon which relief may be granted for gender discrimination and/or sexual harassment. Although plaintiff asserts that he did not receive a copy of defendant's reply brief, in spite of a signed certificate of service, this development is not determinative to the outcome of this Court's order

of dismissal.  Furthermore, although plaintiff asserts that this Court failed to properly state the reason and timing of his termination, he has not provided facts that would contradict the Court's analysis or redress the failures in his complaint.  Finally, although plaintiff cites Federal Rule of Civil Procedure 12(i) for the proposition that plaintiff should have received—and was denied—a hearing, plaintiff was in fact heard by this Court.  Plaintiff responded to defendant's motion to dismiss and the Court gave plaintiff's response *and* complaint careful scrutiny while formulating its decision.  Plaintiff has received adequate and fair consideration of his claim, and this Court shall deny his motion to vacate the order of dismissal.

Accordingly,

    **IT IS HEREBY ORDERED** that plaintiff's motion to vacate the dismissal of his complaint (#15) is **DENIED**.

Dated this ___12th___ day of April, 2010.

                                                                           */s/ Stephen N. Limbaugh, Jr.*
                                              UNITED STATES DISTRICT JUDGE